IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,502

STATE OF KANSAS,
*Appellee,*

v.

RAMIRO GARCIA,
*Appellant.*

SYLLABUS BY THE COURT

Consistent with *Kansas v. Garcia*, 589 U.S. __, 140 S. Ct. 791, 206 L. Ed. 2d 146 (2020), a Kansas prosecution for identity theft or making false information based on information a defendant provides on employment forms, with the exception of the I-9 form, is not preempted by the Immigration Reform and Control Act of 1986.

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 29, 2016. Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion on remand filed June 12, 2020. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause and *Evan Freeman*, legal intern, of the same office, was with him on the brief for appellant.

*Jacob M. Gontesky*, assistant district attorney, argued the cause, and *Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This case is on remand from the United States Supreme Court for further proceedings consistent with its opinion in *Kansas v. Garcia*, 589 U.S. __, 140 S. Ct. 791, 206 L. Ed. 2d 146 (2020).

The factual and procedural details of the case are fully set out in our opinion in *State v. Garcia*, 306 Kan. 1113, 401 P.3d 588 (2017), and will not be restated here. We reversed defendant Ramiro Garcia's conviction on one count of identity theft, holding that

> "[p]rosecuting Garcia for identity theft under the facts of this case intrudes into an area occupied wholly by federal law and conflicts with the policy established by Congress . . . . As a result, in this case prosecution of Garcia under K.S.A. 2012 Supp. 21-6107 is preempted by Article VI, Clause 2 of the United States Constitution." 306 Kan. at 1137.

A jury found Garcia guilty after a district court judge denied Garcia's pretrial motion to suppress his W-4 form. The judge had granted Garcia's motion with respect to his I-9 form. The motion was based on an argument that the Immigration Reform and Control Act of 1986 (IRCA) prohibits basing a prosecution on information included in such documents.

On appeal, among other things, Garcia asserted that IRCA preempted his identity theft prosecution. The Court of Appeals rejected this argument and affirmed his convictions. See *State v. Garcia*, No. 112,502, 2016 WL 368054 (Kan. App. 2016) (unpublished opinion).

We disagreed and reversed both the Court of Appeals and district court, holding that IRCA preempted Garcia's prosecution.

2

The State filed a writ of certiorari in this case, as well as its companion cases, *State v. Morales*, 306 Kan. 1100, 401 P.3d 155 (2017), and *State v. Ochoa-Lara*, 306 Kan. 1107, 401 P.3d 159 (2017), which the United States Supreme Court granted. In an opinion addressing all three cases, a majority of the Court held that that the state law prosecutions were not preempted by the IRCA. *Garcia*, 206 L. Ed. 2d at 802. The Court reversed and remanded our judgment in *Kansas v. Garcia*. 206 L. Ed. 2d at 807.

As a result, this case is again before us. In accordance with the decision of the United States Supreme Court, we vacate our judgment reversing the Court of Appeals and reversing the district court.

In addition, when we granted Garcia's petition for review, we also anticipated consideration of two additional issues: whether there was sufficient evidence that Garcia acted with an intent to defraud, an element of identity theft, and whether the district judge's failure to give a unanimity instruction was clearly erroneous. We now conclude that review of those two issues was improvidently granted, and therefore we do not address their merits. See Supreme Court Rule 8.03(j)(1) (2020 Kan. S. Ct. R. 52).

The judgment of the Court of Appeals is affirmed. The judgment of the district court is affirmed.